IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE BERNARD COLLINS,         :
                                :
    Petitioner,                 :
                                :
vs.                             :    CIVIL ACTION 15-0647-WS-M
                                :
CYNTHIA STEWART,                :
                                :
    Respondent.                 :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be denied as this Court does not have jurisdiction over it, that this action be dismissed, and that judgment be entered in favor of Respondent Cynthia Stewart and against Petitioner Willie Bernard Collins on all claims.

Petitioner was convicted of murder in the Mobile County Circuit Court on June 23, 1981 for which he received a sentence of life in the state penitentiary (Doc. 4, p. 2). On April 23,

1

1982, the Alabama Court of Criminal Appeals affirmed the conviction and entered the certificate of final judgment (Doc. 17, Exhibit G; Doc. 11, p. 3).

On July 2, 1982, Collins filed a habeas petition in this Court that was denied on August 4, 1982 in a report and recommendation written by U.S. Magistrate Judge Patrick H. Sims (Doc. 17, Exhibit K). On September 17, 1982, U.S. District Court Judge W. Brevard Hand adopted the report as the opinion of the Court and dismissed the action (Doc. 17, Exhibit L).

Petitioner filed the current habeas petition on November 9, 2015, raising the single claim that he was improperly sentenced (Doc. 1). Respondent Answered the Complaint, asserting that this was a successive petition and that Collins had failed to seek approval from the Eleventh Circuit Court of Appeals to file it (Doc. 17; *see also* Doc. 11).[1]

The Court notes that this Court's review is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b). Specifically, the statute states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

---

[1]Respondent initially asserted a statute-of-limitations defense, but once prompted to file additional documents, Respondent asserted that this was a successive petition (Docs. 11, 17).

2

order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court notes that Petitioner has provided no evidence that he has been given the authority to file this action. Collins has filed a reply to Respondent's Supplemental Response, in which this defense is raised, but he did not address the issue (Doc. 18). Because Petitioner has filed a successive habeas petition, without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it.

Therefore, it is recommended that this habeas petition be denied as this Court does not have jurisdiction to review it, that this action be dismissed, and that judgment be entered in favor of Respondent Cynthia Stewart and against Petitioner Willie Bernard Collins on all claims.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 7(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party

failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 15th day of August, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE