IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE BERNARD COLLINS,    ) | |
| ) | |
| Petitioner,    ) | |
| ) | |
| v.    ) | CIVIL ACTION 15-0647-WS-M |
| ) | |
| CYNTHIA STEWART,    ) | |
| ) | |
| Respondent.    ) | |

**ORDER**

This closed habeas matter comes before the Court on petitioner's Application for Certificate of Appealability construed from his Notice of Appeal (doc. 23).

On September 1, 2016, the undersigned entered an Order (doc. 21) and Judgment (doc. 22) dismissing Willie Bernard Collins' § 2254 petition.  In so doing, the Court adopted the Report and Recommendation (doc. 19) in which the Magistrate Judge concluded that Collins' petition was an unauthorized second or successive § 2254 motion, which must be denied for lack of jurisdiction.  *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("The AEDPA provides that, to file a second or successive [§ 2254] motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. … Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Under the circumstances presented here, the Court readily concludes that issuance of a Certificate of Appealability is not warranted in this case.  Collins has not made "a substantial showing of the denial of a constitutional right," including a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Moreover, it bears emphasis that the § 2244(b)(3)(A) procedural bar to Collins' current § 2254 petition is clear and unambiguous.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

      For all of these reasons, as well as those set forth in the Report and Recommendation, the Court concludes that a plain procedural bar disposes of the petition, that reasonable jurists would not find it debatable whether this Court's procedural ruling was correct, and that issuance of a COA is unwarranted. Accordingly, Collins' construed Application for Certificate of Appealability is **denied**.

      DONE and ORDERED this 4th day of November, 2016.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE